## No. 6054.

E. T. PARKER, DATIVE EXR., vs. C. T. NASH.

The mandatory is obliged to restore to his principal whatever he has received by virtue of his procuration, even though he has received it unduly, and therefore an auctioneer who has received from a purchaser the price of property cannot evade the payment of it to every claimant in turn, and hold it as his own. He must restore it to his principal.

APPEAL from the Sixth District Court of New Orleans. SAUCIER, J.

Benjamin *vs.* City of New Orleans.

*Mott*, *Lee*, and *Denegre* for Plaintiff. *Fellows* for Defendant Appellant.

Nash, as auctioneer, sold certain succession property for nine hundred dollars. Lara, the purchaser, paid him, but did not remove the property. For some unexplained cause the property was again sold, as the property of the succession by the sheriff, and was purchased by another person who paid the price, and it was received by the executor and distributed in his final account. Lara sued Nash to recover the money he had paid him, and failed, the court holding that Nash did not receive it as the depositary of Lara. Lara *v.* Nash, 24 La. Ann. 310.

The plaintiff, as executor for the succession, brings this suit to recover the money, and Nash resists on the ground that the succession has already received the proceeds of the sale of this identical property, and that it has been distributed among its creditors or paid to the heirs, and that it cannot legally claim twice payment of the price of its property.

SPENCER, J. A man cannot blow hot and cold in this fashion. The money in Nash's hands does not belong to him. It is either the property of Lara or of the succession. Our predecessors held that Nash was not obliged to account to Lara. Nash, as the mandatory of the succession, sold the property and received the proceeds. He is bound to restore them to his principal. Rev. Civ. Code, Art. 3005. It is none of his business if the succession wrongfully resold the property. That is a matter to be settled between the succession and the party aggrieved.

*Judgment affirmed.*